**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:08cr165 |
| | § | |
| KARIMANJIRA-DUMBA MADE (2) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on February 5, 2013 to determine whether Defendant violated his supervised release. Defendant was represented by Frank Henderson. The Government was represented by Randy Blake.

On April 14, 2009, Defendant was sentenced by the Honorable Marcia A. Crone, United States District Judge, to a sentence of 60 months imprisonment to be followed by a three-year term of supervised release for the offense of Conspiracy to Defraud the United States With Respect to Claims. Defendant began his term of supervision on January 13, 2012

On December 6, 2012, the U.S. Probation Officer filed a Petition for Offender Under Supervision (the "Petition") (Dkt. 228). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state, or local crime; (2) Defendant shall not unlawfully possess a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled

1

substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (4) Defendant must pay restitution in the amount of $3,097,822.65, jointly and severally. Any amount that remains unpaid when the defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of the defendant's gross income, to be changed during supervision, if needed, based on the defendant's changed circumstances.

The Petition alleges that Defendant committed the following violations: (1) Defendant was arrested on August 31, 2012, for Assault Causes Bodily Injury Family Violence, a violation of Texas Penal Code § 22.01(A)(1), a Class A misdemeanor. Defendant admitted to Plano police officers that he hit his wife, Nyarai Simango. This case is currently pending in County Court at Law #6, McKinney, Texas; (2) Defendant used and possessed marijuana, an illegal controlled substance, in April and September 2012. On April 16, 24, 27, and September 27, 2012, Defendant submitted urine specimens which tested positive for marijuana. On May 7, 2012, Defendant admitted verbally and in writing to U.S. Probation Officer Scott Irwin that he smoked marijuana on April 5, 8 and 13, 2012. On October 16, 2012, Defendant admitted verbally and in writing to U.S. Probation Officer Bonita M. Lockley that he smoked marijuana on September 23, 2012; and (3) Defendant has maintained gainful employment for most of the 10 months he has been on supervised release. However, to date, he has made only one monthly payment toward his court-ordered restitution obligation.

At the hearing, Defendant entered a plea of true to all allegations against him, except the allegations regarding the pending assault /family violence charge. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court. Based on the allegations to which Defendant pleaded true, the Court finds that Defendant has violated the terms of his supervised release and that his supervised release should be revoked.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the February 5, 2013 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of six (6) months, with thirty (30) months of supervised release to follow.

Further, the Court recommends that Defendant be ordered to pay restitution in the amount of $3,097,822.65, jointly and severally and that any amount that remains unpaid when Defendant's supervision commences is to be paid on a monthly basis at a rate of at least 10% of Defendant's gross income, to be changed during supervision, if needed, based on Defendant's changed circumstances.

**SIGNED this 19th day of February, 2013.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE